DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | CASE NO. 1:09 CR 256 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| Keith L. Mitchell, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The defendant was indicted and convicted by a jury for a violation of 18 U.S.C. § 922(g)(1), and as a consequence, is arguably subject to being sentenced as an armed career criminal under the provisions of 18 U.S.C. § 924(e)(1).  In order to qualify as an armed career offender, the defendant must have three prior convictions for a violent felony or a serious drug offense.  With respect to the question of whether a prior conviction constitutes a violent felony, it is necessary to turn to 18 U.S.C. § 924(e)(2)(B)(ii) which provides:

> ... is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents serious potential risk of physical risk to another....*  (Emphasis added).

Against that background, the defendant has a 2001 conviction for burglary and a 2005 conviction for burglary.  As a consequence, the issue narrows as to whether the defendant's third conviction, as described in paragraph 37 of the presentence report, constitutes the necessary third conviction as the predicate for a determination that the defendant is an armed career offender.

The presentence report opines that the conviction described in paragraph 37 of the presentence constitutes a violent felony.

(1:09 CR 256)

Paragraph 37 declares:

| 37. | 07/07/2004 | Failure to Comply with Signal or Order of Police Officer (F-3) and Receiving Stolen Property/ Cuyahoga County Court of Common Pleas, Case No. CR-04-455325 | 9/30/2004 - 1 year custody on each count to run concurrently. 7/06/2005 - Final release | 4A1.1(b) |

    The defendant was afforded attorney representation. According to the Lakewood Police report, on July 7, 2004, Lakewood officers observed a 1994 Oldsmobile Cutlass with no front license plate. The police radioed the license plate to dispatch who responded that the car was registered to Tamika Marshall. The officers signaled for the car to pull to the side of the road. As the car rolled to a stop, the passenger exited the car and ran from the officers. The driver, later identified as Keith Mitchell, accelerated in an attempt to elude police. The vehicle reached speeds up to 70 miles per hour, and he drove through three red lights and a stop sign without stopping. Eventually, the car slowed down, and three Lakewood Police cruisers surrounded the subject car attempting to stop the vehicle. Mr. Mitchell swerved into one of the cruisers causing it to be damaged. At that time, he exited his vehicle and ran through a number of nearby yards. Mr. Mitchell was apprehended by several officers, violently resisted arrest, and had to be pepper sprayed before he could be controlled by the officers.

    Paragraph 18 of the presentence report declares:

> **Chapter Four Enhancements:** As shown in Part B (Criminal History) below, the defendant has been convicted of the following three violent felonies: **Burglary**, in Cuyahoga County Court of Common Pleas, Case Number CR-05-473904; **Burglary**, in Cuyahoga County Court of Common Pleas, Case Number CR-01-416774; and **Failure to Comply with Signal or Order of Police Officer**, in Cuyahoga County Court of Common Pleas, Case number CR-04-455325. Since the instant offense is a conviction for 18 U.S.C. § 924(e), the defendant is an armed career criminal within the meaning of U.S.S.G. § 4B1.1. The offense level determined under U.S.S.G. § 4B1.4 is 33, rather than the lower level calculated above.

    The issue of whether the conviction described in paragraph 37 constitutes a violent

2

(1:09 CR 256)

felony requires a categorical approach.  Consequently, the factual declarations set forth in paragraph 37 are not dispositive.  Rather, the documents from the Cuyahoga County Common Pleas Court reflecting the indictment (Appendix I), the Journal entry reflecting the guilty plea (Appendix II) and the sentencing order (Appendix III) constitute the relevant documents.

The Court now turns to an examination of Ohio Revised Code 2921.331 which declares in part as follows:

> (A)  No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic.
>
> (B)  No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
>
> (C)(1)  Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.
>
> > (2)  A violation of division (A) of this section is a misdemeanor of the first degree.
> >
> > (3)  Except as provided in divisions (C)(4) and (5) of this section, a violation of division (B) of this section is a misdemeanor of the first degree.
> >
> > (4)  Except as provided in division (C)(5) of this section, a violation of division (B) of this section is a felony of the fourth degree <u>if the jury or judge as trier of facts finds by proof beyond a reasonable doubt that, in committing the offense, the offender was fleeing immediately after the commission of a felony.</u>  (Emphasis added)
> >
> > (5)(a)  A violation of division (B) of this section is a felony of the third degree <u>if the jury or judge as trier of fact finds any of the following by proof</u>

3

(1:09 CR 256)

<blockquote>

<u>beyond a reasonable doubt:</u> (Emphasis added)

    (i)    The operation of the motor vehicle by the offender was a proximate cause of serious physical harm to persons or property.

    (ii)    <u>The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.</u> (Emphasis added)

(b)    If a police officer pursues an offender who is violating division (B) of this section and division (C)(5)(a) of this section applies, the sentencing court, in determining the seriousness of an offender's conduct for purposes of sentencing the offender for a violation of division (B) of this section, shall consider, along with the factors set forth in sections 2929.12 and 2929.13 of the Revised Code that are required to be considered, all of the following:

    (i)    The duration of the pursuit;

    (ii)    The distance of the pursuit;

    (iii)    The rate of speed at which the offender operated the motor vehicle during the pursuit;

    (iv)    Whether the offender failed to stop for the traffic lights or stop signs during the pursuit;

    (v)    The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

    (vi)    Whether the offender operated the motor vehicle during

</blockquote>

(1:09 CR 256)

> the pursuit without lighted lights during a time when lighted lights are required;
>
> (vii) Whether the offender committed a moving violation during the pursuit;
>
> (viii) The number of moving violations the offender committed during the pursuit;
>
> (ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.
>
> (D) If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the <u>offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender</u>. (Emphasis added)

Appendix III and paragraph 37 of the presentence report demonstrate that the defendant was also convicted of receiving stolen property.

At this point, the Court notes that contrary to the mandate of Section 2921.331(D), the state court sentenced the defendant to concurrent rather than consecutive terms of imprisonment as reflected in Appendix III.

So the issue that remains is whether the sentence providing for concurrent sentences negates a finding that the defendant was convicted of committing a violent felony with respect to the conviction described in paragraph 37 of the presentence report.

(1:09 CR 256)

The Court notified counsel of the difficulty presented by the fact of the concurrent as opposed to consecutive sentences in the context of paragraph 37 of the presentence report, and suggested that additional briefing would be appropriate as long as the defendant agreed to a continuation of the sentencing hearing which was scheduled for December 17, 2009.  The defendant, in open court, consented to a continuation of the sentencing hearing and the Court re-scheduled the same for April 23, 2010.

Counsel for the defendant has filed a sentencing memorandum (Docket 33), and counsel for the government has filed a respone (Docket 35).

The brief filed by the government indicates that during the sentencing hearing, with respect to the conditions described in paragraph 37 of the presentence report, the sentencing judge indicated that the sentences for two offenses would be served consecutively.  However, notwithstanding that declaration, the sentencing judge then signed a sentencing entry which provided for concurrent sentences.

As a general rule in Ohio, a court speaks only through its journal.  *State v. Jordan*, 104 Ohio St. 3d 21, 23-24 (2004), *reversed on other grounds*, (citing *Kaine v. Marion Prison Warden*, 88 Ohio St. 3d. 454, 455 (2000); *Schenley v. Kauth*, 160 Ohio St. 109 (1953) (par. 1 of the syllabus ("A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum.")).  "'Were the rule otherwise it would provide a wide field for controversy as to what the court actually decided.'" *State v. Jordan*, 104 Ohio St. 3d at 23 (quoting *Indus. Comm. v. Musselli*, 102 Ohio St. 10, 15 (1921)).

(1:09 CR 256)

Alleged inconsistencies between oral pronouncements of sentence by the state sentencing judge and the sentencing court's official written record are clerical errors, the correction of which are provided for in Crim. R. 36.  However, a district court which was not the sentencing court has no authority to correct a supposed clerical error in the sentencing court; any such errors must be corrected by a direct proceeding in the sentencing court.  *Chapman v. United States,* 247 F.2d 879, 881 (6th Cir. 1957) *cert. denied*, 78 S.Ct. 791 (1958); *Arcadia v. Blackwell,* 412 F.3d 911, 913 (5th Cir. 1969).

Until corrected in a direct proceeding, the Court must "close its ears" to any claim that the sentencing court's journal entry is not actually the judgment of the sentencing court. *Chapman v. United States,* 247 F.2d at 881.  For the purposes of determining whether the defendant is a career offender, the Court concludes that because the sentencing court's written journal entry provides for concurrent sentences, the Court rejects that proposition that the defendant is a career offender.  Accordingly, the Court will sentence the defendant based on the guideline calculation, which subjects defendant to a sentence of 100-125 months.[1]

IT IS SO ORDERED.

| | |
|---|---|
| April 23, 2010 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[1] The Court considered whether the rule of lenity may have any application in this context, but the rule of lenity only applies to resolve statutory ambiguities in favor of the defendant does not apply to ambiguities in judgments or orders. *U.S. v. Moore*, 567 F.3d 187, 191 (6th Cir. 2009)("The touchstone of the rule of lenity is statutory ambiguity ..."); *U.S. v. Booth,* 551 F.3d 535, 541 (6th Cir. 2009).