DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Keith L. Mitchell, ) | |
| ) | CASE NO. 1:10 CV 2265 |
| Petitioner-Defendant, ) | CRIMINAL CASE NO. 1:09CR 256 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent-Plaintiff. ) | |
| ) | |

## I. Introduction

The petitioner-defendant, Keith Mitchell, hereinafter ("Mitchell"), was found guilty by a jury on September 16, 2009 of the sole count in the Indictment of being a felon in possession of ammunition.

The petitioner seeks habeas relief on three grounds:

1)  The Court did not have jurisdiction to hear the petitioner's case;

2)  The search of the petitioner's vehicle was unreasonable and there was insufficient evidence to support the petitioner's conviction;

3)  Petitioner's counsel was ineffective.

## II. The Factual Setting

The respondent's brief accurately provides a statement of the facts as follows:

> On May 6, 2009, officers from the Cleveland Police Department's
> Vice Unit were touring the area of the Cleveland Metropolitan
> Housing development known as Garden Valley Estates, an area
> known for criminal activity. Officers observed three males
> standing around a black vehicle with the doors and trunk open in
> the area of 7055 Garden Valley. One of the officers observed

(Civil Case No. 1:10CV2265
Criminal Case No. 1:09 CR 256)

>Mitchell holding an open container of alcohol.
>
>When officers approached the vehicle, one of the other males, Charles Morman, fled the scene. The officers then observed Mitchell remove what appeared to be a firearm from his jacket pocket and place it in the trunk of the vehicle. the officers ordered Mitchell to remove his hands from the trunk, put them in the air, and lay down. The officers repeated these commands several times. Mitchell failed to comply with these orders and began walking towards the officers with a rag covering his right hand. The officers tasered and handcuffed Mitchell. After performing a search of Mitchell's person, officers discovered 14 rounds of ammunition in his pants pocket. The officers also searched the trunk of the vehicle and discovered a black handgun. Mitchell was placed under arrest.

### III.  The Absence of a Direct Appeal

Following his sentence to a period of 100 months, the petitioner failed to file a direct appeal. Rather, the action seeking habeas relief was filed on October 5, 2010 following the defendant's sentence on April 23, 2010.

### IV.  The Rejection of Grounds I and II

The first two grounds advanced by the petitioner for relief, i.e., that the United States did not have subject matter jurisdiction and there was insufficient evidence to support his conviction, are procedurally barred because the petitioner failed to raise them on direct appeal.

### V.  The Contention Advanced in the Third Claim that the Defendant was Denied the Effective Assistance of Counsel

This claim is totally without merit. The petitioner asserts that his attorney was ineffective because he failed to investigate and fully present facts related to the fingerprint evidence in the case. To the contrary, the petitioner's counsel retained an expert to analyze the fingerprint evidence and he called the fingerprint expert at trial. As indicated in the respondent's

(Civil Case No. 1:10 CV2265
Criminal Case No. 1:09 CR 256)

brief, the petitioner's lawyer cannot be deemed ineffective for failing to investigate the fingerprint evidence in the case when he hired an experienced forensic analyst to review the evidence in the case, questioned the government's witnesses regarding fingerprint evidence during cross examination, and had the fingerprint testify on behalf of the petitioner's trial.

The claim in the petitioner's addendum to his motion - that his counsel was ineffective because he failed to properly advise the petitioner regarding the possibility that he would be found an armed career criminal - also fails.  the petitioner's attorney filed a lengthy sentencing memorandum addressing this exact issue, which the Court decided in the petitioner's favor.  Put simply, there is no evidence in the record to support the petitioner's claim that his counsel denied him the effective assistance of counsel.

V.  Conclusion

The petition for habeas relief is DENIED, and the Court will file a Judgment Entry so providing.

IT IS SO ORDERED.

| January 3, 2011 | /s/ David D. Dowd, Jr. |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |