DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Keith L. Mitchell, | ) | |
| | ) | CASE NO. 1:10 CV 2265 |
| Petitioner-Defendant, | ) | (Criminal Case No. 1:09 CR 256) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

I. Procedural History

On September 16, 2009, the petitioner was convicted of the crime of Possession of Ammunition that had traveled in interstate commerce and against the background of the fact that the petitioner was a convicted felon. The petitioner was sentenced to a term of 100 months. The petitioner did not file a direct appeal. On September 5, 2010, the petitioner filed a *pro se* motion to vacate under the provisions of 28 U.S.C. § 2255. Doc. 41. The government filed a brief in opposition on December 3, 2010. Doc. 45. No reply was filed by the petitioner. On January 4, 2011, the Court filed a Memorandum Opinion denying relief to the petitioner. Doc. 46. On January 7, 2011, the petitioner filed a motion requesting 30 days to file a reply to the government's response. Doc. 48. It was apparent that the petitioner's motion for an extension of time had been mailed from the petitioner's place of incarceration prior to the Court's Judgment Entry of January 4, 2011. Consequently, the Court vacated its Memorandum Opinion and Judgment Entry filed on January 4, 2011 and granted the petitioner leave until February 4, 2011 to file a reply to the government's response. The docket demonstrates that a copy of the Court's

(1:10 CV 2265
Criminal Case No. 1:09 CR 256)

order filed on January 11, 2011 vacating the prior judgment entry was mailed to the defendant on January 11, 2011.

On March 8, 2011, the Court filed an additional order extending the time for the petitioner until April 8, 2011 to file his reply. Doc. 49. Additionally, the Court requested that the Warden of the institution where the petitioner was housed provide the Clerk of Court with a statement as to when the petitioner received a copy of the order. The docket further shows that a copy of the order was mailed to the petitioner on March 8, 2011 and two copies to the Warden of the Beckley Federal Correctional Institution with a return envelope.

The Court's attempt to have the Warden of the Beckley Federal Correctional Institution verify that the Court's order of March 8, 2011 be served on the petitioner met with failure.[1]

However, the record also demonstrates that a copy of the Court's order of March 8 was mailed to the petitioner on March 8, 2011.

Despite the failure to have the Warden of the institution verify that the petitioner had been served with the order extending the time for the petitioner to reply, the Court finds that the petitioner himself received a copy of the March 8, 2011 order extending the time for the petitioner to reply to the government's motion until April 8, 2011.

A review of the docket demonstrates that the petitioner has failed to reply to the government's opposition.

---

[1]Attached hereto is Appendix I which is a copy of the envelope that was filed with the Clerk's office on March 15, 2011 demonstrating, that despite the Court's best efforts, and for reasons unknown to this Court, the envelope with the order to serve on the petitioner was returned to the Clerk's office unopened.

2

(1:10 CV 2265
Criminal Case No. 1:09 CR 256)

## II. The Court's Ruling

The Court reinstates its previous order of January 4, 2011 which denied habeas relief to the petitioner and for the reasons set forth in the Court's Memorandum Opinion filed on January 4, 2011.

As a consequence, the Court will again publish a Judgment Entry denying habeas relief to the petitioner and for the reasons set forth in the Court's Memorandum Opinion of January 4, 2011.

IT IS SO ORDERED.

| | |
|---|---|
| April 27, 2011 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |